COA No. 16-51125
CASE NO. 1:15-CV-974

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

IN RE JON R. DEUTSH,

PETITIONER

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

---

**PETITION FOR WRIT OF MANDAMUS**

---

Omar W. Rosales

THE ROSALES LAW FIRM, LLC
PO BOX 6429
AUSTIN, TX 78762-6429
Telephone: (512) 520-4919
Facsimile: (512) 309-5360

ATTORNEY FOR
PETITIONER

COA No. 16-51125
CASE NO. 1:15-CV-974

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

IN RE JON R. DEUTSCH,

PETITIONER

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

_____

PETITION FOR WRIT OF MANDAMUS

_____

## CERTIFICATE OF INTERESTED PARTIES

The undersigned counsel of record represents that the following listed persons have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualifications or recusal.

**1. Petitioner**

Jon R. Deutsch

## 2. Counsel for Petitioner

**Appellate**
Omar W. Rosales
The Rosales Law Firm, LLC
PO Box 6429
Austin, TX 78762-6429

**Trial Counsel**
Omar W. Rosales
The Rosales Law Firm, LLC
PO Box 6429
Austin, TX 78762-6429

## 3. Respondents:

The Honorable Robert Pitman
United States District Court
Western District of Texas
501 West 5th Street, Suite 5300
Austin, TX 78701

The Honorable Mark Lane
United States Magistrate
Western District of Texas
501 West 5th Street, Suite 7400
Austin, TX 78701

Phil's Icehouse, Inc. (Defendant/Real-Party-in-Interest)

Represented by:

James C. Harrington
PO BOX 4032
Austin, TX 78765

Charles Herring
1411 West Ave, Ste 100
Austin, TX 78701

Jason Panzer
1411 West Ave, Ste 100
Austin, TX 78701

/s/ Omar W. Rosales
Omar W. Rosales
Appellate Attorney of Record for
Jon R. Deutsch

## STATEMENT REGARDING ORAL ARGUMENT

This mandamus petition involves the application of binding authority governing the Voluntary Dismissal of a Civil Action, FRCP 41, FRCP 11, and the 2015 Amendments to the FRCP, including Rule 26(b)(1).

Therefore, Petitioner does not believe that oral argument is necessary.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PARTIES . . . . . . . . . . . . . . . . . . . . . 2-3

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . 4

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-10

JURISDICTIONAL STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

      1. District Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

      2. Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

RELIEF SOUGHT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

STATEMENT OF THE ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13-14

1.     That the District Court erred by not complying with the *Safe Harbor* provisions of Rule 11, allowing Defense counsel to submit a late Motion for Sanctions without providing an advance copy to Plaintiff's counsel and the opportunity to cure or remedy the allegations.

2.     That the District Court erred by artificially keeping a case keeping a case open to allow one party to file a late Motion for Sanctions.

3     That the District Court erred by demonstrating partiality and assisting one party with a Motion for Sanctions.

STATEMENT OF THE CASE AND ASSOCIATED FACTS . . . . . . . . . 14

STANDARDS OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .23-47

Issue I – That the District Court erred by not complying with
        the Safe Harbor provisions of Rule 11, allowing
        Defense counsel to submit a late Motion for Sanctions
        without providing an advance copy to Plaintiff's
        counsel and the opportunity to cure or remedy the
        allegations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .24

A. Standard of Review Revisited. . . . . . . . . . . . . . . . . . . . . . . . . . 24

B. Relevant Caselaw - Rule 11 Sanctions and Safe-Harbor. . . . . . .26

C.  As Applied to the Instant Request for Writ. . . . . . . . . . . . . . . .27

Issue II – That the District Court erred by artificially keeping
        A case open to allow one party to file a late Motion
        for Sanctions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .29

D. Standard of Review Revisited. . . . . . . . . . . . . . . . . . . . . . . . . . 30

E. Relevant Caselaw – Voluntary Dismissal Under Rule 41. . . . . . 31

F.  As Applied to the Instant Request for Writ. . . . . . . . . . . . . . . . 31

Issue III – That the District Court erred by Demonstrating
        Partiality and Assisting one Party with a Motion
        for Sanctions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

G. Standard of Review Revisited. . . . . . . . . . . . . . . . . . . . . . . . . . 34

H. Relevant Caselaw – Motion for Sanctions and Impartiality. . . . .35

I.  As Applied to the Instant Request for Writ. . . . . . . . . . . . . . . . . 36

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .42

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .43

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .44

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . 46

# TABLE OF AUTHORITIES

**Federal Cases**

*Associated Indem. Corp. v. Fairchild Indus.,* 961 F.2d 32,
36 (2d Cir.1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

*Baker Indus. v. Cerberus Ltd.,* 764 F.2d 204, 208-09 (3d Cir.1985). . . 27, 35

*Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991). . . . . . . . . . . . . . . . 27, 35

*Cheney v. United States Dist. Court,* 542 U.S. 367, 380-81
(2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 24, 28, 30, 31, 34, 36

*Cooter & Gell v. Hartmax Corp.,* 496 U.S. 384, 405 (1990) . . . . . . . . . .26

*Crawford-El v. Britton,* 523 U.S. 574, 598 (1998). . . . . . . . . . . . . . . . . . 44

*Cunningham v. Hamilton Cty.,* 527 U.S. 198, 209 (1999) . 25, 28, 30, 31, 36

*Durham v. Fla. E. Coast Ry. Co.,* 385 F.2d 366, 368 (5th Cir.1967) . .31, 33

*Enmon v. Prospect Captial Corp.,* 675 F.3d 138, 143 (2d Cir.2012) . . . . .26

*In re Faulkner,* 856 F.2d 716, 721 (5th Cir. 1988). . . . . . . . . . . . . . . . . . 36

*Fayemi v. Hambrecht & Quist, Inc.,* 174 F.R.D. 319, 326
(S.D.N.Y.1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .36

*George v. U.S. Dept. of Labor,* 788 F.2d 1115, 1116 (5th Cir.1986) . . 30, 34

*Goodwin v. Reynolds,* 757 F.3d 1216, 1219 (11th Cir.2014) . . . . . . . . . . 31

*Hunter v. Earthgrains Co. Bakery,* 281 F.3d 144, 153 (4th Cir.2002) . . . . 26

*In re Margarito Reyes,* 814 F.2d 168, 170-71
(5th Cir.1987) . . . . . . . . . . . . . . . . . . 21, 24, 25, 28, 30, 31, 34, 36, 43

*Jenkins v. Methodist Hosps.,* 478 F.3d 255, 263 (5th Cir.2007). . . . . . . . 26

*Lucas v. Duncan,* 574 F.3d 772, 775 (D.C. Cir.2009). . . . . . . . . . . . . . . 26

*Mercury Air Grp. v. Mansour,* 237 F.3d 542, 548 (5th Cir.2001) . . . . 27, 35

*Radcliffe v. Rainbow Constr. Co.,* 254 F.3d 772, 789 (9th Cir.2001) . . 27, 28

*Ridder v. City of Springfield,* 109 F.3d 288, 294 (6th Cir.1997) . . . . . 27, 28

*Roche v. Evaporated Milk Association,* 319 U.S. 21, 26, 63 S.Ct.
    938, 941, 87 L.Ed. 1185 (1943). . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Sanderson v. Winner,* 507 F.2d 477 (10th Cir.1974), cert. denied,
    421 U.S. 914, 95 S.Ct. 1573, 43 L.Ed.2d 780 (1975) . . . . . . . . . . 22

*Schlazenhauf v. Holder,* 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d
    152 (1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*United Nat'l Ins. v. R&D Latex Corp.,* 242 F.3d 1102, 1115
    (9th Cir.2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*U.S. v. Denson,* 603 F.2d 1143, 1145 (5th Cir.1979) . . . . . . . . . . . . . . . .21

*U.S. v. Farley, 11 F.3d 1385,* 1389-91 (7th Cir.1993) . . . . . . . . . . . . . . . 44

*Woodard v. STP Corp.,* 10 F.3d 1043, 1044-1045. (11th Cir.1999). . . . . . 48

**Federal Rules**

Fed. R. Civ. P. 11 . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13, 23, 24, 25, 26-27

Fed. R. Civ. P. 26(b)(1) . . . . . . . . . . . . . . . . . . 14, 18, 19, 20, 23, 42, 46, 47

Fed. R. App. P. 4(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fed. R. App. P. 21. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

**Federal Statutes**

28 CFR Part 36, Sec.36.501 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15, 45

28 USC §1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

42 USC §12101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11, 32, 33, 45

42 USC §12181 . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14, 15, 32, 33, 41, 45

**Other Materials**

Local Rule AT-7(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13, 40

Wright & Miller, 8 FEDERAL PRACTICE & PROCEDURE Sec. 2006. .22

# JURISDICTIONAL STATEMENT

1.     District Court:

The district court in the Western District of Texas, Austin Division, has jurisdiction over this civil claim pursuant to 28 U.S.C. §1331 and §1343(a)(3) and (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

2.     Court of Appeals:

The Fifth Circuit Court of Appeals has jurisdiction over appeals from Texas and jurisdiction to review appeals from judgments and orders rendered in the Western District of Texas. Fed. R. App. P. 4(a).  The Fifth Circuit Court of Appeals also has jurisdiction to evaluate writs of Mandamus, pursuant to Fed. R. App. P. 21.

## RELIEF SOUGHT

Petitioner Jon R. Deutsch ("Mr. Deutsch") seeks mandamus relief to vacate an order that keeps the instant case open and allows late sanctions against Plaintiff's counsel.  Plaintiff has sought to dismiss the instant case, at an early stage of the litigation, due to the unreasonable and disruptive actions of Defense counsel.

Rather than close the cases, the District Court has allowed the cases to remain open for months (past the filing of the Plaintiff's Motion to Dismiss) to allow Defense counsel to submit a late Motion for Sanctions.  The Motion for Sanctions does not comport to the Rule 11 *safe-harbor* provisions. Additionally, the Defense Counsel's first Motion for Sanctions was so bereft of information, that the Court took it upon itself to advise Defense counsel to submit a 'Supplemental Motion'.  Despite numerous objections, the District Court artificially extends the case in an attempt to award sanctions against Plaintiff's counsel and curb ADA litigation in the Austin Division.

An area of particular concern is that the Court appears to show bias and favoritism to the Defense counsel.  The Court refused to provide the *adverse inference* when the Defense counsel stormed out of a deposition with his clients and took a critical exhibit.  The Court also refused to sanction Defense counsel for not complying with a court order to complete

the deposition.  And the Court refused to follow the reporting procedure under the Local Rule AT-7(c), after the Defense counsel forwarded a highly offensive and racist email to Plaintiff's counsel, calling Plaintiff's counsel 'EL SAPO'.  SAPO means, 'Snitch, Toad, and South American Piece of Shit.' *See Section I* below.  The Court opined that the incident was no big deal, that "actions speak louder than words," and that under no circumstances would it follow the reporting procedure under the local rules.

Plaintiff asks that the Court of Appeals order the District Court to grant the Plaintiff's Motion to Dismiss and that the late Sanctions Hearing be quashed due to: 1) the late filing of the motion for sanctions; 2) the failure of the Defense counsel to follow the *safe-harbor* provisions of Rule 11; and 3) the improper participation of the District Court in order to formulate a late Motion for Sanctions.

## STATEMENT OF THE ISSUES

1.   That the District Court erred by not complying with the *safe-harbor* provisions of Rule 11, allowing Defense counsel to submit a late Motion for Sanctions without providing an

advance copy to Plaintiff's counsel and the opportunity to cure or remedy the allegations.

2.     That the District Court erred by artificially keeping a case open to allow one party to file a late Motion for Sanctions.

3.     That the District Court erred by demonstrating partiality and assisting one party in formulating a Motion for Sanctions.

## STATEMENT OF THE CASE AND ASSOCIATED FACTS

This is a request for mandamus relief to vacate an order issued by U.S. Magistrate Mark Lane and affirmed by the District Court. The order is erroneous and an objection was made within 2 days of order issuance. The order was not issued at the hearing, but rather days after the hearing. The underlying case is an Americans with Disabilities Act, Title 42 USC §12181 parking lot case, where the Plaintiff alleges that the Defendant did not have ADA-Compliant parking at the time of the visit.

In July of 2015, Plaintiff Jon R. Deutsch made a visit to the 'PHIL'S

ICEHOUSE' business in Austin, Texas.  Mr. Deutsch is a paraplegic with a physical disability and mobility impairments.  Defendant Phil's Icehouse, Inc., operates the business.  The parking lot did not have any type of ADA-compliant Van Accessible parking (sign, 96" wide space, and 96" wide side access aisle).  A disabled parking sign was missing and the ramp was not ADA-compliant. *See* **TAB 1**[1].  Plaintiff proved the violation using satellite imagery and on-scene photographs. *Id.; See also* 28 CFR Part 36, Sec.36.501.

On October 28, 2015, Plaintiff filed a lawsuit against Defendant Phil's Icehouse, Inc., requesting declaratory judgment, injunctive relief, attorney's fees as costs, and litigation expenses against Defendant for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181, *et seq.* ("ADA"), and its attendant regulations, the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"), the Texas Accessibility Standards ("TAS"), promulgated under the Texas Architectural Barriers Act ("TABA"), Tex.Gov't. Code §469, and Chapter 121 of the Texas Human Resources Code, Tex.Hum.Res. Code §121.001 *et seq*. ("Chapter 121").

Defendant refused to provide Mr. Deutsch and others similarly

---

1 - Exhibits are referred to by the Tab number under which they are found.

situated with sufficient ADA-compliant parking in the parking lot that serves the Phil's Icehouse. Additionally, the Austin location was missing disabled parking signs and the access ramp was improper. Plaintiff provided satellite imagery and on-scene photographs as evidence of the violations. *See Complaint under* **TAB 1**.

Local Austin attorney James 'Jim' Harrington approached Defendant and offered 'free legal services.' Due to the improper solicitation made by Defense Counsel Jim Harrington in this case (and six other cases), Harrington is currently under investigation by the State Bar for misconduct.[2] Harrington previously served as the Executive Director of the Texas Civil Rights Project and filed more than 400 ADA Plaintiff's lawsuits during his career. Harrington began to disrupt the case from the start.

The most extreme disruptions occurred during the deposition of the

---

2 – Six additional ADA cases were already settled and the Defendants were represented by other law firms, before Jim Harrington solicited the Defendants and offered 'free legal services'. These cases are: 1:15-CV-807, *Deutsch v. Draker Enterprises, Inc.,* initially represented by Michael J. DePont of Jackson Lewis P.C., Dallas, TX; 1:15-CV-901, *Deutsch v. La Tierra de Simmons Familia, Ltd.,* initially represented by Kevin Childs of Dunagan Childs, Austin, TX; 1:15-CV-974 *Deutsch v. Phil's Ice House, Inc.,* initially represented by Kevin Childs of Dunagan Childs, Austin, TX; 1:15-CV-1238 *Deutsch v. Chiwawa, Inc.,* initially represented by Mark Cohen of The Cohen Law Group, Austin, TX; 1:16-CV-112, *Deutsch v. David Throckmorton* initially represented by Eric A. Johnston of McGinnis Lochridge, Austin, TX; and 1:16-CV-102, *Deutsch v. Hawkins Family Partners, L.P.,* initially represented by Eric A. Johnston of McGinnis Lochridge, Austin, TX. *See* **TAB 2**, letter from the State Bar of Texas.

Defendants in the *Clark* case[3], 1:16-CV-88 on April 28, 2016. The various

disruptive behaviors from the Defense counsel included:

1) Defense Counsel shouting that he was following and keeping track of Plaintiff's counsel's privately owned vehicle;

2) Defense Counsel balling his hand into a fist and shouting that Plaintiff's counsel was running a scam;

3) Defense Counsel taking his clients and walking out of the deposition before the deposition was complete;

4) Defense Counsel preventing the deposition of the co-defendant;

5) Defense Counsel purposely removing an exhibit from a deposition where the exhibit was already admitted into the record, *See* **TAB 3.**

The Defense counsel's behavior continued in additional emails to

Plaintiff's counsel where the Defense counsel ordered Plaintiff's counsel to

remove a Police report and told Plaintiff's counsel that he should 'listen to

his Angel'[4].

---

3 – The case is styled *Deutsch v. Clark and Clark,* 1:16-CV-88, filed in the Western District of Texas, Austin Division.

4 – Plaintiff's Counsel has no idea what this statement means. Evidence of the offensive behavior is included in **TAB 3**. If Defense counsel is claiming to hear angels, he has a very serious medical condition.

The Defense counsel's inappropriate behavior continued when the Defense counsel scheduled the depositions of the brother of the Plaintiff's counsel and the wife of the Plaintiff.  Neither the brother of the Plaintiff's counsel, nor the wife of the Plaintiff, are parties to the instant case.

The issue was brought to the attention of Magistrate Lane.  At the hearing, Defense counsel Jim Harrington made false and misleading statements about Federal law. *See* **TAB 4**.  The Court did not research the issue, nor direct his law clerks to research the topic.  Rather, the Magistrate issued an instantaneous order allowing the depositions of two non-parties to the case: the brother of Plaintiff's counsel and the wife of the Plaintiff, in violation of FRCP 26(b)(1).  Thereafter, Plaintiff's counsel filed a Writ of Mandamus in the *Deutsch v. Clark and Clark* case under USCA5 16-50998.

Due to the disruptive behavior and comments made by Defense counsel, Plaintiff filed a Motion to Dismiss the instant case, *Deutsch v. Phil's Icehouse, Inc.,* 1:15-CV-974 on 8/5/2016.  For over a month, the Court has refused to grant the Plaintiff's Motion to Dismiss.  Previously on 7/21/2016, the Defense filed a Motion for Sanctions under *Dkt 28.* See **TAB 5**.  The Motion did not include any references to local rules, model rules, Texas Disciplinary Rules of Professional Conduct, or any references to alleged behavior.  The Court also opined that the Defense counsel's motion

was lacking information and substance. *See Section III, Letter I supra.*

At a hearing on 8/3/2016, the Plaintiff's counsel urged the Court to consider granting the Plaintiff's upcoming Motion to Dismiss.  The Court did not grant the Motion to Dismiss.  Rather, the Magistrate ordered his law clerk to 'figure out a way' to keep the case open and allow for the late adjudication of Defense Counsel's Motion for Sanctions. *See Section III, Letter F supra.*  Plaintiff's counsel filed an objection to the report and recommendations of the Magistrate on 8/10/2016 as *Dkt 42.*  The objections were overruled by the Court and the District Court affirmed the order.

At the hearing on 8/3/2016, the Magistrate also improperly instructed Defense counsel on: 1) What information he wanted to see in the Motion for Sanctions and 2) How he wanted it presented.  Plaintiff's counsel objected to the report and recommendations. The objections were overruled by the District Court and the District Court affirmed the Magistrate's Order.  In a follow-on order dated 8/23/2016, under *Dkt 47,* the Magistrate also instructed the Defense counsel how to obtain the Plaintiff's counsel's email account information, in violation of Rule 26(b)(1), *attorney-client privilege, attorney work-product,* and the Fourth Amendment to the United States Constitution.  Plaintiff's counsel filed his objections as *Dkt 42* and *Dkt 56,* but the District Court ignored the objections and refused to intervene.

Defense counsel committed numerous procedural violations including failing to provide an advance copy of the Motion for Sanctions, thereby not adhering to the 21-day *safe-harbor* provision of Rule 11.  Moreover, the District Court erred by artificially keeping a case open, attempting to combine multiple cases into one motion for sanctions, demonstration of partiality towards one side in a case, and violating FRCP 26(b)(1) by encouraging and directing the Defense counsel to obtain Plaintiff's counsel's email account information in an effort to circumvent *attorney-client privilege, attorney work-product,* and confidentiality.  The Magistrate issued an order that violated Fifth Circuit precedent on FRCP 11, 26. *See* **TAB 6**.

The Plaintiff's counsel filed objections to the Magistrate's Order. *See* **TAB 7**.  The District Court issued an order affirming the Magistrate's decision, but the order did not cite any *substantive* caselaw or precedent. *See* **TAB 8**.  Defense counsel then filed a Second Motion for Sanctions (but called it a Supplement to the Original Motion). *See* **TAB 14**. The Magistrate then issued a Show Cause Order for a new hearing to Sanction the Plaintiff's counsel. *See* **TAB 15**.  Plaintiff's counsel filed additional objections. *See* **TAB 16**.

The Plaintiff's attorney filed an advisory to the Court on 9/7/2016 that he was submitting a Writ of Mandamus to the Fifth Circuit.

# STANDARDS OF REVIEW

*Review by Mandamus, Why the Writ Should Issue*

Discovery orders are normally not reviewable by mandamus. However, some courts of appeal, including the Fifth Circuit, have granted review by mandamus.  If the District Court is following improper discovery procedure, the Court of Appeals may issue a writ of mandamus.  The Fifth Circuit notes, "The district court, however, in this case ordered discovery as to information which was completely irrelevant to the case before it and was information that could inhibit petitioners in pursuing their rights in the case because of possible collateral wholly unrelated consequences, because of embarrassment and inquiry into their private lives which was not justified, and also because it opened for litigation issues which were not present in the case." *In re Margarito Reyes,* 814 F.2d 168, 170-71 (5th Cir.1987).

The Fifth Circuit also notes, "A writ of mandamus is justified as requested by petitioners under the All Writs Act, 28 U.S.C. Sec. 1651(a), since its purpose here is "to confine an inferior court to a lawful exercise of its prescribed jurisdiction...." *Roche v. Evaporated Milk Association,* 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943). As we said en banc in *United States v. Denson,* 603 F.2d 1143, 1145 (5th Cir.1979), "[W]hen the writ of mandamus is sought from an appellate court to confine a trial court to

a lawful exercise of its prescribed authority, the court should issue the writ almost as a matter of course." *Schlazenhauf v. Holder,* 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964), stands for the proposition that "there has been a general loosening of the federal attitude toward mandamus and the discovery cases are not unaffected by this." Wright & Miller, 8 FEDERAL PRACTICE & PROCEDURE Sec. 2006. *See also Sanderson v. Winner,* 507 F.2d 477 (10th Cir.1974), cert. denied, 421 U.S. 914, 95 S.Ct. 1573, 43 L.Ed.2d 780 (1975), which held that a writ of mandamus was appropriate to vacate a discovery order in an antitrust case." *Id.*

The Fifth Circuit opined, "If mandamus lies in such an antitrust context, there is much stronger justification in this case where there is no possible relevance and the discovery could place in jeopardy unrelated personal status matters." *Id.*; *See also Cheney v. United States Dist. Court,* 542 U.S. 367, 380-81 (2004) (mandamus is proper when the relief is "clear and undisputable," there is "no other adequate means to attain the relief" and "the writ is appropriate under the circumstances").

Plaintiff presents the same argument. The Court is improperly attempting to artificially keep a case open and allow a late Motion for Sanctions. By the District Court's decision to delay the Motion to Dismiss for months, the Plaintiff has no other recourse than to seek Mandamus relief

from the Fifth Circuit to order the Court to close the case. In addition, there is no possible relevance to the Discovery request in the instant case (to obtain the email account information of the Plaintiff's counsel) as the material is not relevant to a claim or defense in the instant case and the request is a violation of FRCP 26(b)(1), *attorney-client privilege, attorney work-product,* and the Fourth Amendment to the United States Constitution.

## SUMMARY OF ARGUMENT

Counsel posits that the District Court erred by not adhering to the safe-harbor provision of Rule 11 and allowing the Plaintiff's counsel a 21-day period to cure the defect. In violation of Rule 11, the Defense counsel never provided an advance copy of the motion prior to filing.

Counsel also posits that the District Court erred by refusing to grant the Plaintiff's Motion to Dismiss and artificially keeping the case open to allow the Defendant to file a late Motion for Sanctions. Counsel posits that the District Court erred by showing partiality towards one side in the instant case through: ignoring the disruptive actions of Defense counsel and assisting the Defense counsel to draft a Motion for Sanctions.

**ARGUMENT**

**ISSUE I - That the District Court erred by not complying with the Safe Harbor provisions of Rule 11, allowing Defense counsel to submit a late Motion for Sanctions without providing an advance copy to Plaintiff's counsel and the opportunity to cure or remedy the allegations.**

A.  Standard of Review Revisited

*Writ of Mandamus Acceptable for Procedural Violation; Standard of review regarding Sanctions is 'Abuse of Discretion'*

As noted in the Fifth Circuit precedent *In re Reyes*, it is acceptable for the Court of Appeals to review a request for Mandamus and issue an order if the trial court attempts to exceed its jurisdiction or there is no other means for the Plaintiff to seek relief.  Plaintiff asks the Fifth Circuit to follow its precedent in *In re Reyes. See In re Margarito Reyes,* 814 F.2d 168, 170-71 (5th Cir.1987).  In the instant case, with the District Court refusing to follow the safe-harbor provision of Rule 11, there is no other means to obtain relief, other than filing a writ of mandamus.  The Supreme Court notes, "Mandamus is proper when the relief is "clear and undisputable," there is "no other adequate means to attain the relief" and "the writ is appropriate under the circumstances."" *See Cheney v. United States Dist. Court,* 542 U.S. 367, 380-81 (2004).  Furthermore, when the enforcement of a sanction order results in exceptional hardship, mandamus may be available to

determine whether the district court's decision to enforce the sanction was an abuse of discretion. *See Cunningham v. Hamilton Cty.,* 527 U.S. 198, 209 (1999).

There are parallels between the instant case and *In re Reyes* and *Cheney.* The District Court is not following the safe-harbor provisions of Rule 11 and the District Court exceeds its jurisdiction by artificially keeping a case open to allow one side to submit a late motion for sanctions. Thereby, there is no other means for the Plaintiff to obtain relief other than through a writ of mandamus.

Furthermore, the District Court is imposing exceptional hardship on the Plaintiff by directing the Plaintiff to hire an expert to examine email entries, hire a separate attorney for the sanctions hearing, and attempting to view the confidential email account of the Plaintiff's counsel. The late-filed motion for sanctions and allegations made by Defense counsel[5] have nothing to do with a claim, defense, or evidentiary matter relating to the instant case. Therefore under the Supreme Court precedent in *Cunningham,* a writ of mandamus is proper to obtain relief as the District Court's actions are

_____

5 – Defense counsel went so far as to fabricate an email entry, introduce that as evidence, then claim, 'Since I faked one, he must have faked one too'. *See* **TAB 9,** page 7, para 2, line 14; **TAB 9**, pages 8-9.

imposing exceptional hardship and undue costs upon the Plaintiff and

Plaintiff's counsel as the Court is refusing the grant the Plaintiff's Motion to Dismiss.

Decisions made on a motion for sanctions are reviewed for abuse of discretion. *See Cooter & Gell v. Hartmax Corp.,* 496 U.S. 384, 405 (1990); see FRCP Rule 11; *Jenkins v. Methodist Hosps.,* 478 F.3d 255, 263 (5th Cir.2007). If the sanctions are imposed *sua sponte,* the ruling is generally reviewed with 'particular stringency.' *See Hunter v. Earthgrains Co. Bakery,* 281 F.3d 144, 153 (4th Cir.2002), *United Nat'l Ins. v. R&D Latex Corp.,* 242 F.3d 1102, 1115 (9th Cir.2001), *Enmon v. Prospect Captial Corp.,* 675 F.3d 138, 143 (2d Cir.2012), and *Lucas v. Duncan,* 574 F.3d 772, 775 (D.C. Cir.2009). The court abuses its discretion to impose sanctions when a ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence. *Cooter & Gell,* 496 U.S. at 405.

## B.  Relevant Caselaw

### Rule 11 Sanctions and Safe-Harbor

FRCP Rule 11 contains a *safe-harbor* provision that allows the responding party time to address or remedy the situation. To begin, sanctions are a last resort and are not to be used lightly by the District Court. If the court imposes sanctions, it should impose the least severe sanction that is sufficient to serve the purpose of the sanction. FRCP 11(c)(4); *Mercury*

*Air Grp. v. Mansour,* 237 F.3d 542, 548 (5th Cir.2001). The court has inherent power to sanction a person for certain bad-faith conduct. But because of the 'very potency' of a court's inherent powers, the court must exercise them with 'restraint and discretion.' *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991). The imposition of attorneys fees and costs under 28 USC §1927 is reserved for egregious behavior that violates recognized standards of litigation conduct. *See favorably Baker Indus. v. Cerberus Ltd.,* 764 F.2d 204, 208-09 (3d Cir.1985).

Before filing a Rule 11 Motion for Sanctions, the moving party must provide an advance copy to the responding party and allow a 21-day period to correct the defect. *See* FRCP 11. If the responding party was not served the motion prior to filing, the person charged should assert that the court must deny the motion for sanctions because the movant violated the mandatory safe-harbor provision of FRCP 11. *See Ridder v. City of Springfield,* 109 F.3d 288, 294 (6th Cir.1997); *Radcliffe v. Rainbow Constr. Co.,* 254 F.3d 772, 789 (9th Cir.2001).


C.  As Applied to the Instant request for Writ

The Plaintiff requests that the Fifth Circuit issue a Writ in accordance with the precedent in *In re Reyes*: that a writ is proper when a District Court

is violating Discovery procedures or exceeding the scope of its jurisdiction. Plaintiff also notes the Supreme Court precedent in *Cheney*, "Mandamus is proper when the relief is "clear and undisputable," there is "no other adequate means to attain the relief" and "the writ is appropriate under the circumstances."" *See Cheney v. United States Dist. Court,* 542 U.S. 367, 380-81 (2004). Furthermore, when the enforcement of a sanction order results in exceptional hardship, mandamus may be available to determine whether the district court's decision to enforce the sanction was an abuse of discretion. *See Cunningham v. Hamilton Cty.,* 527 U.S. 198, 209 (1999).

As applied to the instant case, the Defense counsel <u>did not</u> provide an advance copy of the first Motion for Sanctions filed on 7/21/2016 as *Dkt 28*. The Defense counsel also <u>did not</u> provide an advance copy of the Supplemental Motion for Sanctions filed on 8/10/2016 as *Dkt 41*. Defense counsel did not comply with the basic procedural requirements of the safe-harbor provision of Rule 11. *See* FRCP 11. *See also Ridder v. City of Springfield,* 109 F.3d 288, 294 (6th Cir.1997); *Radcliffe v. Rainbow Constr. Co.,* 254 F.3d 772, 789 (9th Cir.2001). Defense counsel ignored the rules of Federal Civil procedure.

The District Court should have denied the Motion for Sanctions and the Supplemental Motion for Sanctions for a basic procedural defect: not

complying with the safe-harbor provisions of Rule 11.  The District Court should have granted Plaintiff's Motion to Dismiss filed on 8/5/2016 as *Dkt 37,* and closed the case.  Instead, the District Court has erred by improperly giving the Defense counsel multiple opportunities to correct a procedurally defective motion for sanctions.

Moreover, the Defense counsel's first Motion for Sanctions *(Dkt 28)* did not contain any substantive information, allegations, references to local rules, references to rules of evidence, or references to any procedural rules whatsoever. *See* **TAB 5**.  The District Court has improperly given the Defense counsel multiple opportunities to correct an unfounded and procedurally defective motion for sanctions.  In the process, the District Court has erred by refusing to grant the Plaintiff's Motion to Dismiss that has been pending for over 3 months.  Plaintiff asks the Court of Appeals to issue the writ, reverse the District Court's decision, and order the District Court to grant Plaintiff's Motion to Dismiss and close the instant case as Plaintiff has no other means to obtain relief.

**ISSUE II - That the District Court erred by artificially keeping a case open to allow one party to file a late Motion for Sanctions.**

D.  Standard of Review Revisited

*Writ of Mandamus Acceptable for Procedural Violation; Standard of review regarding a Motion to Dismiss is 'Abuse of Discretion'*

As noted in the Fifth Circuit precedent *In re Reyes*, it is acceptable for the Court of Appeals to review a request for Mandamus and issue an order if the trial court attempts to exceed its jurisdiction or there is no other means for the Plaintiff to seek relief. Plaintiff asks the Fifth Circuit to follow its precedent in *In re Reyes. See In re Margarito Reyes,* 814 F.2d 168, 170-71 (5th Cir.1987). With the District Court refusing to grant the Plaintiff's Motion to Dismiss and close the instant case, there is no other means to obtain relief, other than filing a writ of mandamus. The Supreme Court notes, "Mandamus is proper when the relief is "clear and undisputable," there is "no other adequate means to attain the relief" and "the writ is appropriate under the circumstances."" *See Cheney v. United States Dist. Court,* 542 U.S. 367, 380-81 (2004). On appeal, the court reviews a dismissal under FRCP 12 for abuse of discretion. *See George v. U.S. Dept. of Labor,* 788 F.2d 1115, 1116 (5th Cir.1986).

There are parallels between the instant case and *In re Reyes, Cheney,* and *Cunningham.* The District Court is refusing to grant a basic Plaintiff's Motion to Dismiss that has been pending for one month, causing undue hardship upon the Plaintiff. Without the intervention from the Court of Appeals, the District Court may attempt to keep the case open indefinitely.

E.  Relevant Caselaw - Voluntary Dismissals Under Rule 41

A Plaintiff has the ability to voluntarily dismiss a case at an early stage of litigation.  In most cases, a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result. *See Goodwin v. Reynolds,* 757 F.3d 1216, 1219 (11th Cir.2014); *see also Durham v. Fla. E. Coast Ry. Co.,* 385 F.2d 366, 368 (5th Cir.1967).

F.  As Applied to the Instant request for Writ

The Plaintiff requests that the Fifth Circuit issue a Writ in accordance with the precedent in *In re Reyes, Cheney,* and *Cunningham.*  The Supreme Court notes, "Mandamus is proper when the relief is "clear and undisputable," there is "no other adequate means to attain the relief" and "the writ is appropriate under the circumstances."" *See Cheney v. United States Dist. Court,* 542 U.S. 367, 380-81 (2004).

As applied to the instant case, the District Court has attempted to improperly keep the instant case open for one month beyond the filing of the Plaintiff's Motion to Dismiss.  The District Court has engaged in this activity in order to assist the Defense counsel with a late Motion for Sanctions that is paramount to a *collateral attack* on Plaintiff's case.

Under the Fifth Circuit precedent in *Durham* and noting the comparable Eleventh Circuit decision in *Goodwin,* the Plaintiff has the right to close the instant case.  The District Court erred by not granting the Plaintiff's Motion to Dismiss.  Furthermore, if Defendant was pleading an ADA counterclaim, the Plaintiff would point out that there is no such counterclaim in the ADA statutes, Title 42 USC §12101 and Title 42 USC §12181.  Moreover, even if there was a counterclaim, the Defendant missed his filing deadline by not filing an Answer for 8 ½ months. (*See* Amended Answer filed as *Dkt 25* on 7/15/2015).

The Court itself admitted that it was attempting to manufacture a solution to artificially keep the instant case open:

> "THE COURT: Is there a procedural vehicle by which we can grant Mr. Rosales's motions to dismiss but retain jurisdiction over issues like attorneys' fees and sanctions?"
>
> *See* **TAB 11**, Page 11, Lines 19-21

> "THE COURT: Let me spend some time on, if there's a procedural posture by which dismissal of his petition can be granted but court retains jurisdiction to deal with motions to compel, attorney's fees, and sanctions, then that's what we're going to do.
>
> Another way to do that is not to act on the motion to dismiss immediately . . . So procedurally I've just got to figure out what we're going to do." *See* **TAB 11**, Page 20, Lines 5-10, 12-15.

The comments made by the Court are totally improper.  For the District Court to artificially keep a case open, and encourage one side to

32

submit a late motion for sanctions (while continually ignoring the procedural defects in that Motion for Sanctions) is improper.  The District Court's actions are a violation of the Fifth Circuit precedent in *Durham v. Fla. E. Coast Ry. Co.,* 385 F.2d 366, 368 (5th Cir.1967) and FRCP Rules 11 and 41.

Plaintiff's counsel objected to the Court's error.  The Court responded:

> "THE COURT: But if he (Harrington) follows what I recommend, then *you* can take that up with the Fifth Circuit."
> *See* **TAB 11**, Page 27, Lines 21-22.

The comment is indicative of the Court's thought process: that it is acceptable to disregard the Federal Rules of Civil Procedure in an ADA case.  The comment also belittles the Plaintiff's counsel and the Court of Appeals.  Everyone, including the District Court, must follow the Federal Rules of Civil Procedure and the United States Code.  The District Court cannot game the system or *manufacture solutions* because it does not like Title 42 USC §12101, §12181 known as the 'Americans with Disabilities Act'.  Plaintiff's Counsel asks the Court of Appeals to remand the instant case and order the District Court to grant Plaintiff's Motion to Dismiss immediately.

**ISSUE III - That the District Court Erred by Demonstrating Partiality and Assisting one Party with a Motion for Sanctions**

G.  Standard of Review Revisited

*Writ of Mandamus Acceptable for Procedural Violation; Standard of review regarding a Motion for Sanctions is 'Abuse of Discretion'*

As noted in the Fifth Circuit precedent *In re Reyes*, it is acceptable for the Court of Appeals to review a request for Mandamus and issue an order if the trial court attempts to exceed its jurisdiction or there is no other means for the Plaintiff to seek relief.  Plaintiff asks the Fifth Circuit to follow its precedent in *In re Reyes. See In re Margarito Reyes,* 814 F.2d 168, 170-71 (5th Cir.1987).  With the District Court showing favoritism and assisting one side with a motion for sanctions, there is no other means to obtain relief other than filing a writ of mandamus.  The Supreme Court notes, "Mandamus is proper when the relief is "clear and undisputable," there is "no other adequate means to attain the relief" and "the writ is appropriate under the circumstances."" *See Cheney v. United States Dist. Court,* 542 U.S. 367, 380-81 (2004).  On appeal, the court reviews a dismissal under FRCP 12 for abuse of discretion. *See George v. U.S. Dept. of Labor,* 788 F.2d 1115, 1116 (5th Cir.1986).

There are parallels between the instant case and *In re Reyes, Cheney,* and *Cunningham.*  The District Court is improperly assisting the Defense

counsel with a Motion for Sanctions (that still does not comply with Rule 11 after 2 attempts at filing).  Without the intervention from the Court of Appeals, the District Court may attempt keep the case open indefinitely.   As noted previously in *Section A supra,* the standard of review for a sanctions order is *abuse of discretion.*

H.  Relevant Caselaw – Motion for Sanctions and Impartiality

The District Court must remain neutral and cannot assist one party with a motion for sanctions.  Sanctions should be used sparingly to begin with.  If the court imposes sanctions, it should impose the lease severe sanction that is sufficient to serve the purpose of the sanction. FRCP 11(c)(4); *Mercury Air Grp. V. Mansour,* 237 F.3d 542, 548 (5th Cir.2001). The court has inherent power to sanction a person for certain bad-faith conduct. But because of the 'very potency' of a court's inherent powers, the court must exercise them with 'restraint and discretion.' *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991).  The imposition of attorneys fees and costs under 28 USC §1927 is reserved for egregious behavior that violates recognized standards of litigation conduct. *See favorably Baker Indus. v. Cerberus Ltd.,* 764 F.2d 204, 208-09 (3d Cir.1985).

The District Court cannot 'pick and choose sides' when applying its

power to sanction.  "Defendants who live in glass pleadings ought not to throw Rule 11 stones," *see favorably Associated Indem. Corp. v. Fairchild Indus.,* 961 F.2d 32, 36 (2d Cir.1991); *see also Fayemi v. Hambrecht & Quist, Inc.,* 174 F.R.D. 319, 326 (S.D.N.Y.1997)(no sanctions because the moving party had "unclean hands").  A District Court must also remain impartial to ensure the fair administration of justice.  *In re Faulkner,* 856 F.2d 716, 721 (5th Cir. 1988).

I.  As Applied to the Instant request for Writ

The Plaintiff requests that the Fifth Circuit issue a writ in accordance with the precedent in *In re Reyes, Cheney,* and *Cunningham.*  The Plaintiff requests that the Court of Appeals order the District Court to grant Plaintiff's Motion to Dismiss and deny another hearing on the Defendant's late and improper Motion for Sanctions.  From the beginning of the litigation, the Defense counsel has engaged in disruptive and bizarre behavior.  Yet, the District Court has refused to impose any type of sanctions or follow the reporting procedure in the Local Rules for Defense counsel's extraordinarily abusive behavior.

The disruptive behaviors from Defense counsel include:

1)  Defense Counsel shouting that he was following and keeping track

of Plaintiff's counsel's privately owned vehicle;

2) Defense Counsel balling his hand into a fist and shouting that Plaintiff's counsel was running a scam;

3) Defense Counsel taking his clients and walking out of a deposition before the deposition was complete;

4) Defense Counsel preventing the deposition of the co-defendant;

5) Defense Counsel purposely removing an exhibit from a deposition where the exhibit was already admitted into the record;

6) Defense Counsel sending a threatening email to Plaintiff's counsel, where Defense Counsel said Mr. Rosales should recant a police report or else, and that Mr. Rosales should 'Listen to his Angel'; and

7) Defense Counsel forwarding a racist and abusive email to Plaintiff's counsel where Defense Counsel and his staff were calling Mr. Rosales 'EL SAPO'.  The definition of SAPO is 'Snitch, Toad, and South American Piece Of Shit.' *See* **TAB 10**

Due the repeated actions of the Defense counsel (and his prior history of abusive behavior), the Defense counsel is currently under investigation by the State Bar of Texas for misconduct. *See* **TAB 2**.  Although the incidents

were brought to the attention of the District Court, the Court refused to

curtail the Defense counsel's abusive behavior.  Instead, at a hearing on

8/3/2016, the Court encouraged the Defense counsel to file a Motion for

Sanctions against Plaintiff's counsel because the Plaintiff's counsel reported

the incidents and asked the District Court for assistance.

> "THE COURT: Okay. As soon as you reasonably can – and I don't
> know how to organize it, whether you organize it by case – but I need,
> to the extent there are, docket numbers, I need specific references."
> *See* **TAB 11**, Page 54, Lines 23-25

> "THE COURT: And everything else.  And I ask that you file that in
> seven days. And here's what I'm going to do gentlemen.  I'm going to
> review all of this.  I'm going to go back and review all the docket
> numbers that you cite me to, and I'm going to come up with an order
> – a show cause order." *See* **TAB 11**, Page 55, Lines 6-7, 14-17.

Without <u>even looking at the evidence</u>, the Court decided to ignore the

disruptive behavior of Defense counsel and issue a *show cause* order to

sanction Plaintiff's counsel.  At the same hearing, the Court mentioned that

the Defense counsel's Motion for Sanctions was lacking in substance,

evidence, and organization.

> "THE COURT: I have the brain trust sitting in front of me here, Katie,
> and I asked her to go through your sanctions requests.  And it's not
> anybody's fault, but they're kind of all over the place a little bit."
> *See* **TAB 11**, Page 53, Lines 1-5.

Even the Court <u>admitted</u> that the Defense's Motion for Sanctions was inadequate.  However, at the hearing, the Court also made it apparent that it would assist the Defense counsel to come up with a new Motion for Sanctions against Plaintiff's counsel.

The Court also noted that it was *no big deal* for the Defense counsel to make abusive statements, that "actions speak louder than words," and that under <u>no circumstances</u> would the Court follow the reporting procedures under the Local Rules for racist and abusive language:

> "MR. ROSALES: Your Honor, I didn't send the e-mail to them; they sent the email to me. I never referred to another attorney as an animal. I know you practice(d) in the U.S. Attorneys' Office for a long time, Judge.  And I don't believe anyone in the U.S. Attorney's Office would use that term to refer to other people. We don't.  I'm – Judge, I'm a person. I'm not an animal.  That language is totally incorrect."
> *See* **TAB 11**, Page 44, Lines 5-11.

> "MR. ROSALES: And I just ask, if – if the Court does grant the motion, that the incident be referred to the Chief Judge.  That's all I ask for, Judge." *See* **TAB 11**, Page 44, Lines 18-20.

> "THE COURT: Listen.  I've already told you on this Chief Judge business, if you want to lodge a complaint with the Chief Judge or the Western District of Texas, then you need to do it.  I'm not doing it for you. Okay?" *See* **TAB 11**, Page 44, Lines 21-24.

*******
"THE COURT: You judge a man by what he does.

MR. ROSALES: Judge, by his words --

THE COURT: No, no.  Don't interrupt me.  You judge a man by what he does, not so much what he says. Talk and words are cheap, and this case is evidence of it." *See* **TAB 11**, Page 45-46, Lines 22-25, 1.

Plaintiff's counsel asks the Court of Appeals to take judicial notice of the Western District of Texas, Local Rule AT-7(c).  The reporting procedure for these types of incidents is clear: the Court should notify the Chief Judge of the allegations.  However, in this instance, the District Court once again refuses to follow basic procedure.

The Magistrate, U.S. Magistrate Mark Lane, previously made statements that he did not agree with the statutory regime of Title 42 USC §12181, known as the 'Americans with Disabilities Act'.  Magistrate Lane previously said the following:

"THE COURT: By not sending demand letters, yes, you are. Don't wrap yourself up in the law and all the good work you're doing when you could just send a demand letter. You could keep attorney's fees really low in these cases. You're not doing that. So don't -- I guess what I'm telling you is, you have a right to file lawsuits. Mr. Deutsch has a right to be a plaintiff in the lawsuits. But don't get **sanctimonious** and tell me what --

MR. ROSALES: Yes, your Honor.

THE COURT: -- how **righteous** the crusade is because **I'm not buying it.**"     *See* **TAB 13**, Transcript, pg 22, Lines 15-25

*******

"THE COURT: So you don't -- there is no case in which you've sent a demand letter first only.

MR. ROSALES: It's not required by the statute, Judge, but I'm --

THE COURT: No, it's not. But I'm asking you, have you done that?" *See* **TAB 13**, Transcript, pg 23, Lines 13-18

The Americans with Disabilities Act, Title 42 USC §12101 and §12181 is a very important component of Civil Rights legislation. As a Disabled Veteran, Plaintiff's counsel has a right to file these cases. As a Disabled American, the Plaintiff has the right to seek redress for lack of accessibility in governmental (Title II) and private (Title III) accommodations. The Court cannot pick and choose the portions of the United States Code it wishes to follow and discard the rest. The District Court also cannot allow the wanton abuse by Defense counsel towards Plaintiff's counsel (including the use of racial slurs) while simultaneously encouraging and assisting the Defense counsel to draft multiple Motions for Sanctions against Plaintiff's counsel. If the District Court feels so strongly against ADA legislation and litigation, the Court should recuse itself.

This is not the first instance that has been brought to the Appellate Court's attention. Previously, the Plaintiff's counsel filed an appeal to direct

the District Court to issue an order, for a Defendant to pay minimal attorney's fees in an ADA default judgment. *See* USCA5 16-50164. Furthermore, another writ of mandamus was filed regarding the same Magistrate and District Judge, as the Magistrate issued an order (and the District Court affirmed) allowing the deposition of two non-parties (the brother of the Plaintiff's counsel and the wife of the Plaintiff) in an ADA case, in violation of FRCP 26(b)(1). *See* USCA 16-50998.

For these reasons: 1) the District Court assisting one party with the drafting of a late Motion for Sanctions; 2) the District Court ignoring the disruptive actions of Defense counsel (who is currently under investigation by the State Bar for misconduct); and 3) the District Court refusing to grant the Plaintiff's Motion to Dismiss, the Plaintiff asks the Court of Appeals to order the District Court to grant the Plaintiff's Motion to Dismiss.

Plaintiff's counsel requests that the Writ be granted and that: 1) the Order allowing the Defense counsel to submit a late Motion for Sanctions be vacated, and 2) the District Court be ordered to grant the Plaintiff's Motion to Dismiss and close the instant case immediately.

## CONCLUSION

For the above-noted reasons, and since the Petitioner has noted that:

1) the District Court erred by not adhering to the 21-day safe-harbor provision of Rule 11; 2) that the District Court erred by artificially keeping a case open to allow one party to submit a late Motion for Sanctions; 3) that the District Court erred by demonstrating partiality and assisting one party with a Motion for Sanctions; Petitioner respectfully asks that the writ issue and that mandamus relief be granted forthwith.

## PRAYER

Counsel prays that the Court of Appeals accepts his Writ of Mandamus, that the District Court's decision be vacated, that the Plaintiff's Motion to Dismiss be granted, and that the instant case be closed.

Date: OCTOBER 11, 2016          Respectfully submitted,

THE ROSALES LAW FIRM, LLC
Omar W. Rosales
State Bar No.: 24053450
Federal ID No.: 69067
PO Box 6429
Austin, TX
78762-6429
(512) 520-4919 Tel
(512) 309-5360 Fax

By: /s/ Omar W. Rosales
     Omar W. Rosales

43

ATTORNEY FOR PETITIONER
JON R. DEUTSCH

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of the *Writ of Mandamus* has been served upon all parties of record noted below via the means stipulated herewith, on OCTOBER 11, 2016.

The Honorable Robert Pitman
United States District Court
Western District of Texas
501 West 5th Street, Suite 7300
Austin, TX 78701
(Paper copy, to District Clerk's Office)

The Honorable Mark Lane
United States Magistrate
Western District of Texas
501 West 5th Street, Suite 7400
Austin, TX 78701
(Paper copy, to District Clerk's Office)

Phil's Icehouse, Inc., (Defendant/Real-Party-in-Interest)

Represented by:
James C. Harrington
PO Box 4032
Austin, TX 78765
(electronic copy)

Charles Herring
Herring & Panzer, LLP
1411 West Ave, Suite 100
Austin, TX 78701
(electronic copy)
Jason Panzer
Herring & Panzer, LLP

1411 West Ave, Suite 100
Austin, TX 78701
(electronic copy)

/s/ Omar W. Rosales
Omar W. Rosales

## **CERTIFICATE OF COMPLIANCE**

Pursuant to 5th Cir. r. 32.2 and 32.3, the undersigned certifies that this brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7).

A.    Exclusive of the exempted portions in 5th Cir. R. 32.2, the Writ of Applicant contains 6,829 words.

B.    The brief has been prepared in proportionally spaced typeface using Times New Roman 14 point font in text and Times New Roman 13 point font in footnotes produced by Microsoft Word 2011 software.

C.    Upon request, the undersigned counsel will provide an electronic version of this brief and/or a copy of the work printout to the Court. Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in Fed. R. App. P. 32(a)(7), may result in the Court's striking the brief and imposing sanctions against the person who signed it.

/s/ Omar W. Rosales
Omar W. Rosales